IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PACE INDUSTRY UNION-MANAGEMENT )
PENSION FUND and its TRUSTEES: STAN )
JOHNSON, GARY BEEVERS, JOHN )
GEENEN, JAMES KIDDER, RON HACKNEY, )
DALE OLSON, TIM SUDELA, and LISA )
SILVERMAN, )
)
      Plaintiffs, )   No. 3:10-cv-00350
)   Judge Nixon
v. )   Magistrate Judge Knowles
)
TROY RUBBER ENGRAVING COMPANY, )
)
      Defendant. )

## ORDER

In this Court's Order of August 2, 2011, granting summary judgment in favor of Plaintiffs PACE Industry Union-Management Pension Fund and Its Trustees ("Plaintiffs"), Plaintiffs were instructed as follows:

> Plaintiffs provided the Court an interest calculation through October 31 of 2010, which Defendant did not challenge. (Doc. No. 30 ¶ 13.) Plaintiffs are hereby **ORDERED** to provide the Court with an updated interest calculation within ten days of the entry of this Order, including an amount due through the date of the calculation's submission and an amount to be added per each subsequent day for twenty days pending the entry of judgment. Plaintiffs must indicate whether this new calculation impacts their ability to collect liquidated damages pursuant to § 1132(g)(2) and to provide a final total calculation of their entitlement to unpaid withdrawal liability, interest, and liquidated damages. Upon receipt and consideration of this information, the Court will enter judgment consistent with the rulings contained herein and its assessment of the new calculations.

(Doc. No. 51 at 28.)

On August 12, 2011, ten days after the entry of the Order, Plaintiffs filed a Notice of Updated Interest Calculation ("Notice") with a copy of that caulculation (Doc. No. 52), and an Exhibit containing two identical copies of the new calculation through July of 2011 (Doc. No.

1

52-1). The Notice stated, "Pursuant to this Court's Order, Plaintiffs' [sic] request that this Court issue an award of interest as reflected in the Exhibit attached hereto, from the date of this Court's original August 2, 2011, Order on Plaintiffs' Motion for Summary Judgment." (Doc. No. 52.)

The undersigned is perplexed by this filing for several reasons. First, given that the calculation provided is monthly and only extends through July of 2011, the Court cannot understand why Plaintiffs have requested that the award of interest be entered as of August 2, 2011, specifically. Second, this Court explicitly instructed Plaintiffs to provide not only an updated interest calculation, but several other pieces of information that are detailed in the portion of the August 2 Order excerpted above. Nonetheless, and without any explanation, counsel submitted only the interest calculation.

Finally, and perhaps to the greatest concern of the Court, the interest calculation provided is inconsistent with the figures previously submitted, again without any explanation of why this is the case. In the brief supporting their Motion for Summary Judgment, Plaintiffs averred that

> . . . interest on delinquent contributions shall be calculated at the Federal Reserve Fund's Discount Rate plus 2% on the day the delinquency occurs. (*See* Ex. E [Participation Agreement], Section VI). Therefore, as of October 31, 2010, the accumulated interest on the unpaid withdrawal liability, calculated at the Federal Reserve Fund's Discount Rate plus 2% from the day Troy Rubber failed to timely cure its default, amounted to $4,978.61. (*See* Ex. A [England Decl.] ¶ 13).

(Doc. No. 32 at 15.) As the Court noted in its August 2 Order, the plan documents appeared to be "accurately reflected in Plaintiffs' discussion of their entitlement to damages" (Doc. No. 51 at 28), and the $4,978.61 in accumulated interest is indeed the amount provided in the Declaration of the Fund's Financial Officer, Trevor K. England, that Plaintiffs cited.

Even though Plaintiffs claimed entitlement to interest at the Federal Reserve Fund's Discount Rate plus 2% in their brief, the calculation they have now submitted is at a constant rate of 1% from 2009 to present, which seems improbable. Further, even though the brief claimed

2

that the total interest accrued as of October 31, 2010, was $4,978.61, the accumulated amount at the end of October, 2010 per Plaintiffs' Notice was $28,180.75 (based on the monthly interest amounts of $2,167.75 stated therein). The total interest accumulated by the end of July, 2011, was $47,690.50, according to the Notice. (Doc. No. 52-1.)

In light of these apparent inconsistencies and Plaintiffs' failure to submit all the information previously requested, the Court **ORDERS** Plaintiffs to re-file their Notice within five days of the entry of this Order. The revised filing must include all the information the Court has asked for, as well as explanations of the discrepancies that have been highlighted above.

It is so ORDERED.

Entered this the ___15th___ day of August, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT